**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ANTON R. WATSON, | : | PRISONER HABEAS |
|    Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:16-CV-0271-WSD-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Petitioner, Anton R. Watson, an inmate at the Federal Correctional Institution in Beaver, West Virginia, has filed in this Court a 28 U.S.C. § 2241 petition in which he challenges his conviction in this Court, United States v. Watson, No. 1:04-cr-0591-WBH-2 (N.D. Ga. Dec. 6, 2005) (hereinafter Watson). (Pet., ECF No. 1). Although Petitioner styles his action as being brought under § 2241, as discussed below, it is apparent that he seeks relief that is cognizable under 28 U.S.C. § 2255, and the Court construes this action as a successive § 2255 motion that must be dismissed.[1]

---

[1] There is nothing in Plaintiff's filing that warrants labeling it as a valid § 2241 petition that would be allowed under 28 U.S.C. § 2255(e), the Savings Clause. See Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015) (discussing Savings Clause requirements). In Watson v. Unnamed, No. 1:12-cv-1559-WSD (N.D. Ga. June 5, 2012), the Court dismissed as a successive § 2255 petition Petitioner's previous filing labeled as a 2241 petition, which raised the same DNA claims as Petitioner raises in the instant action.

**I.    Discussion**

By judgment entered on December 6, 2005, Petitioner was convicted in this Court for conspiracy to interfere with commerce by robbery, aiding and abetting interference with commerce by robbery, conspiracy to possess firearms in furtherance of a robbery, possession of a firearm during a robbery, and unlawful possession of a firearm by a felon. J., Watson, ECF No. 101. Petitioner sought collateral review under 28 U.S.C. § 2255, and this Court dismissed the motion as time barred. Order of Sept. 25, 2007, Watson, ECF No. 195. The Court alternatively rejected Petitioner's claim that DNA evidence related to the robber's mask (Items Q2 and Q3) was new evidence and found that the evidence did not show actual innocence but supported Petitioner's guilt. Id. at 10-13.

In his current petition, Petitioner again challenges his convictions and again raises as an issue the same DNA evidence, which the Court previously rejected. See id.; see also Order of June 5, 2012, Watson, No. 1:12-cv-1559-WSD. Because Petitioner previously has sought review under § 2255, this is a successive § 2255 motion which must be dismissed because this Court is without jurisdiction to consider a second or successive § 2255 motion. Movant first must get permission from the Eleventh Circuit Court of Appeals before a successive § 2255 motion can be filed in

the district court.  See 28 U.S.C. § 2255(h); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).  A certificate of appealability is unwarranted because it is not debatable that Movant must obtain permission from the Eleventh Circuit Court of Appeals before filing another § 2255 motion in this Court.  See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11.

## II.   Conclusion

**IT IS RECOMMENDED** that this action be **DISMISSED** for lack of jurisdiction and that a certificate of appealability be **DENIED**.

**IT IS RECOMMENDED** that the Court direct the Clerk of Court to adjust the Court's docket to show that this is a 28 U.S.C. § 2255 motion and to enter a copy of the motion [1] and the Court's Order denying the motion on the criminal docket – No. 1:04-cr-0591-WBH-2.

The Clerk of Court is **DIRECTED** to withdraw the referral to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 1st day of March, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE